UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529L |
| PATRICIA MARTINEZ, ET AL., Defendants | : | |

**STIPULATION OF FACTS**

The undersigned hereby stipulate and agree as follows:

1. American Civil Liberties Union Foundation ("ACLU") and American Civil Liberties Union Foundation of Rhode Island ("ACLU-RI") are non-profit corporations whose shared purpose is to defend and preserve the principles of liberty and equality guaranteed by Federal and state constitutions and laws. ACLU is a non-profit corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. ACLU-RI is a non-profit corporation organized under the laws of Rhode Island with its principal place of business in Rhode Island.

2. The ACLU and ACLU-RI litigate many civil rights cases each year, both individual cases and class action suits, using the services of salaried staff attorneys and/or private cooperating counsel. Court-awarded attorneys' fees resulting from such litigation are a significant source of funding for the ACLU and ACLU-RI, and are used to support their ongoing litigation programs.

3. On June 14, 2000, the Rhode Island Supreme Court Ethics Advisory Panel (the "Panel") ruled that it was ethically improper, under Rules 5.4(a) and 7.2(c) of the Rules of



PRV_763750_1/CFTURCOTTE

Professional Conduct, for a lawyer who undertakes pro bono representation in litigation sponsored by a non-profit organization to pay a portion of court-awarded attorneys' fees to that organization. The Panel also stated, however, that such "prohibitions against fee-sharing with non-lawyers ought not apply to the sharing of court-awarded fees in RI-ACLU sponsored pro bono litigation." R.I. Ethics Advisory Panel, Op. No. 2000-05, Request No. 801 at 3 (2000).

4. In 2002, the Rhode Island Supreme Court declared that Rules 5.4(a) and 7.2(c), which address fee-sharing between lawyers and non-lawyers, and Rhode Island General Laws § 11-27-3, which governs the unauthorized practice of law, prohibit non-profit organizations such as ACLU and ACLU-RI from recovering or receiving attorneys' fees awarded in litigation in this state. See In re Rule Amendments to Rules 5.4(a) and 7.2(c) of the Rules of Prof'l Conduct, 815 A.2d 47 (R.I. 2002). The Supreme Court disagreed with and rejected the prior recommendation of the Panel on this issue.

5. For many years prior to the Supreme Court's aforementioned decision in In re Rule Amendments, the ACLU–RI utilized fee-sharing arrangements with private, volunteer cooperating attorneys in Rhode Island. On that basis, certain attorneys' fees in this case had been shared with the ACLU-RI by cooperating attorneys working on its behalf. In addition, prior to the decision in In re Rule Amendments, certain fees were paid directly to the ACLU for services performed by employee attorneys associated with the ACLU's National Prison Project.

6. For approximately two years after the decision in In re Rule Amendments, the Defendants continued to pay the ACLU directly for attorneys' fees and costs incurred in this litigation. These fees and costs, totaling $143,246.07, were placed in an escrow account by the ACLU pending resolution of the issues raised by In re Rule Amendments. In early 2004, Defendants ceased making such payments to the ACLU. Since that time, Defendants' practice



PRV_763750_1/CFTURCOTTE

has been to approve statements for fees and costs submitted by counsel for the ACLU, but to withhold payment pending resolution of the issues raised by In re Rule Amendments. In each such instance, the State notified counsel for the ACLU that approval of the accrued fees and costs was without prejudice to the ACLU's and/or the State's right to pursue litigation with respect to the issue of the ACLU's entitlement to fees and costs. As of September 30, 2005, the amount of such agreed but unpaid fees pursuant to this practice was $58,332.82.

7. The total amount of attorneys' fees and costs due and payable in the above-captioned action as of September 30, 2005, is $201,578.89, the entirety of which is owed to the ACLU, and which the ACLU seeks authorization to accept and apply

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF RHODE ISLAND

By their Attorneys,

Mark W. Freel #4003
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza Providence, RI 02903
(401) 27409200
(401) 276-6611 (fax)

PATRICK LYNCH, Attorney General for the State of Rhode Island, in his official capacity; and DAVID CURTIN, Chief Disciplinary Counsel for the State of Rhode Island, in his official capacity

By their Attorneys

Rebecca Tedford Partington (#3890)
Deputy Chief—Civil Division
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)

INMATES OF THE RHODE ISLAND TRAINING SCHOOL

By their Attorneys,

David C. Fathi*
Senior Staff Counsel
ACLU Foundation, Inc. 915 15th St. N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6609
*Practice limited to the federal courts.

John W. Dineen
Yesser, Glasson & Dineen
One Providence Washington Plaza
5th Floor
Providence, RI 02903
(401) 331-3550 Ext. 2

DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES

By its Attorneys,

Kevin J. Aucoin (# 3019)
Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, R 02903