UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs, | : | |
| v. | : | C.A. No. 71-4529-L |
| PATRICIA MARTINEZ, ET AL., Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO APPROVE DISBURSEMENT OF ATTORNEYS' FEES**

In response to Defendants' Objection to the Motion to Approve Disbursement of Attorneys' Fees, Plaintiffs and their counsel from the American Civil Liberties Union Foundation ("ACLU") and the American Civil Liberties Union Foundation Rhode Island ("ACLU-RI") hereby submit the following reply memorandum.

**A. Disbursement of Attorneys' Fees to the ACLU and the ACLU-RI is Authorized Under Section 1988.**

Defendants' assertion that they cannot pay attorneys' fees directly to the ACLU or the ACLU-RI because those entities are not the "prevailing parties" under 42 U.S.C. § 1988 fails on many levels.[1] To begin, it would be absurd, if not impossible, to disburse attorneys' fees directly to the members of the Plaintiff class in this case. Plaintiffs are a class of juveniles residing at the Rhode Island Training School for Youth. The class members are in constant flux, as children enter and leave the facility on a daily basis. Staff attorneys with the ACLU National Prison

[1] Without addressing the issue fully in their brief, Defendants appear to challenge the standing of Plaintiffs and their counsel to argue for the disbursement of attorneys' fees. However, the members of the Plaintiff class are themselves parties to the motion, and attorneys have standing to pursue fees when a motion is made in the name of the prevailing party. See Jonas v. Stack, 758 F.2d 567, 570 n.7 (11th Cir. 1985); Mercy v. County of Suffolk, 748 F.2d 52, 56 (2nd Cir. 1984). Moreover, the ACLU has moved to intervene in this case and Defendants have not objected to that motion.

Project and local counsel advocate on behalf of this transient class of juvenile offenders, and the very nature of the class prevents the disbursement of attorneys' fees directly to them. Given that "[t]he Fees Award Act must be liberally construed," and that "Congress has instructed the courts to use the broadest and most effective remedies available to achieve the goals of our civil rights laws," the Court should not heed Defendants' assertion that attorneys' fees must be paid directly to the "prevailing party" in such a case. See Dennis v. Chang, 611 F.2d 1302, 1306 (9th Cir. 1980).

Considering the nature of the legal services provided by organizations like the ACLU and ACLU-RI, and the classes that they represent, it is well established that such organizations are entitled to attorneys' fees under Section 1988. Lund v. Affleck, 587 F.2d 75, 76 (1st Cir. 1978) ("We have held that legal services organizations may recover fees under the Civil Rights Attorneys' Fees Award Act of 1976."); see also Love v. Mayor, City of Cheyenne, Wyoming, 620 F.2d 235, 237 (10th Cir. 1980) ("It is well-settled that the ACLU is entitled to an award of attorney's fees under [Section] 1988."); New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 70 n.9 (1980) ("Congress endorsed such decisions allowing fees to public interest groups when it was considering, and passed, the Civil Rights Attorney's Fees Awards Act of 1976."). The rationale is that "although the litigant pays no direct fees for representation, the legal service office incurs costs both in expenditures of money and personal services. These expenditures channel resources away from other endeavors." Unemployed Workers' Organizing Committee v. Batterton, 477 F. Supp. 509, 514 (D. Md. 1979). As a result, "'priorities must be established that may mandate the loss of services in certain areas when complex, time consuming civil rights litigation is undertaken. The award of attorneys' fees can avoid such loss and thus stimulate

continued representation of litigants in civil rights actions.'" Id. (quoting Lund v. Affleck, 442 F.Supp. 1109, 1112 (D.R.I.), aff'd 587 F.2d 75 (1st Cir. 1978)).

"Attorney's fees are, of course, to be awarded to attorneys employed by a public interest firm or organization on the same basis as to a private practitioner." Palmigiano v. Garrahy, 616 F.2d 598, 601 (1st Cir. 1980) (awarding fees to ACLU National Prison Project); see also Skinner v. Uphoff, 324 F.Supp.2d 1278, 1286 (D. Wy. 2004) ("when Congress enacted § 1988 it made no distinction between the compensation to be awarded to private lawyers and that to be awarded to lawyers working in public interest firms.") (awarding fees to ACLU); Reynolds v. Coomey, 567 F.2d 1166, 1167 (1st Cir. 1978). Organizations like the ACLU and ACLU-RI who have "furthered the interests of a significant class of people and strong congressional policy, are indeed entitled to . . . fee[s]." Alsager v. District Court of Polk Co., 447 F.Supp. 572, 578 (S.D. Iowa 1977). Likewise, "when an organization renders legal services through a salaried employee paid to provide such services, . . . the fee award is intended to reimburse the organization, not compensate the attorney." Page v. Preisser, 468 F.Supp. 399, 401 (S.D. Iowa 1979) (emphasis added). The receipt of fees by the ACLU for legal services rendered "encourage[s] [and allows] the ACLU to continue trying cases for indigents deprived of their constitutional rights." Alsager, 447 F. Supp. at 578.

None of the cases cited by Defendants stand for their position that attorneys' fees in this case may not be disbursed directly to the ACLU or the ACLU-RI. Rather, Defendants rely on cases that discuss the relationship between contingent-fee arrangements and/or waivers and applicable statutory attorneys' fees awards. See generally Gilbrook v. City of Westminster, 177 F.3d 839, 873 (9th Cir. 1999) (parties are entitled to waive, settle, and negotiate statutory fees); Certain v. Potter, 330 F.Supp.2d 576 (M.D.N.C. 2004) (on methods for calculating attorneys'

fees); Evans v. Jeff D., 475 U.S. 717, 731-32 (1986) (nothing in the Fees Act supports the proposition that Congress intended to ban settlements conditioned on statutory fee waivers); Venegas v. Mitchell, 495 U.S. 82, 86-87 (1990) ("there is nothing in the section to regulate what plaintiffs may or may not promise to pay their attorneys if they lose or if they win."). In sum, the above-cited cases provide no support for Defendants' proposition that attorneys' fees in this case, and others like it, must be paid directly to a transient plaintiff class on whose behalf the ACLU and ACLU-RI have advocated. Further, Defendants' argument is particularly inconsistent with principles governing the regulation of attorneys' fees in Federal class actions like this case. In such class actions, the Federal Rules recognize that any statutory right to a reasonable fee is to be awarded to class counsel, not to members of the class. See Fed.R.Civ.P. 23(h).

**B. Because Rhode Island's Fee-Sharing Rules Conflict with Section 1988, the Supremacy Clause Dictates that Federal Law Preempts Rhode Island Law.**

Defendants' argument that this Court may not order the disbursement of attorneys' fees because such disbursement would violate Rhode Island law disregards the Supremacy Clause of the U.S. Constitution. Under the Supremacy Clause, Federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby." U.S. Const. Art. VI. As such, state laws and rulings may neither interfere nor conflict with Federal law. McKenna v. Williams, 874 A.2d 217, 238 (R.I. 2005). In this case, Rhode Island's policy that non-profit organizations such as the ACLU and ACLU-RI may not recover or receive attorneys' fees awarded in civil rights litigation in Rhode Island is both inconsistent and in conflict with the purpose and implementation of 42 U.S.C. § 1988. As a result, this Court is well within its power to grant Plaintiffs' Motion for Disbursement of Atttorneys' Fees.

Where state law conflicts with Federal law, the state law "will be considered to be 'without effect.'" Fry v. Allergan Med. Optics, 695 A.2d 511, 514 (R.I. 1997) (quoting

Cipollone v. Liggett Group, Inc., 505 U.S. 504, 517-19 (1992); see also S.D. Mining Assoc. v. Lawrence Cty., 977 F. Supp. 1396, 1401 (D.S.D. 1997). For preemption purposes, "a conflict exists when the local enactment stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." S.D. Mining, 977 F. Supp. at 1401. Likewise, "[i]f the state law disturbs too much the constitutionally declared scheme . . . it will be displaced through the force of preemption." French v. Pan Am Express, Inc., 869 F.2d 1,2 (1st Cir. 1989).

Section 1988 provides that "in any action or proceeding to enforce a provision of section 1981, 1981a, 1982, [or] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). Given that Congress endorsed fee awards to public interest groups when it passed the Civil Rights Attorney's Fees Act, see supra, Rhode Island's prohibition against the payment of attorneys' fees to groups such as the ACLU and ACLU-RI clearly conflicts with that Congressional statement of intent. Fee awards to groups such as the ACLU and ACLU-RI directly "serve the purpose of the Act for two reasons: (1) the award encourages the legal services organization to expend its limited resources in litigation aimed at enforcing the civil rights statutes; and (2) the award encourages potential defendants to comply with civil rights statutes." Dennis, 611 F.2d at 1306. Such attorneys' fees are "a useful and needed tool of the court to fully protect plaintiffs' rights as American citizens." Torres v. Dinkins, 538 F.2d 10, 13-14 (2nd Cir. 1976). As the Eighth Circuit held in affirming an award to the ACLU, Section 1988 fees "help to insure the continued existence of such organizations and their ability to represent other indigent parties who cannot afford private legal representation." McLean v. Arkansas Bd. of Ed., 723 F.2d 45, 48 (8th Cir. 1983).

The primary purpose of Section 1988 "is to shift the costs of civil rights litigation from civil rights victims to civil rights violators." Jonas v. Stack, 758 F.2d 567, 579 (11th Cir. 1985).



PRV_800013_1/CFTURCOTTE

Unfortunately, Rhode Island's prohibition against disbursing attorneys' fees to organizations like the ACLU and ACLU-RI prevents such a shift, and, as a result, is in direct conflict with the purpose and implementation of Section 1988. As such, Rhode Island's law is "without effect," Fry, 695 A.2d. at 514, and this Court may, despite Defendants' argument to the contrary, uphold the supremacy of Federal law and grant the instant motion.

## CONCLUSION

For the reasons set forth herein, and in Plaintiffs' memorandum in support of their motion for disbursement of attorneys' fees, Plaintiffs and their counsel from the ACLU and ACLU-RI urge this Court to reject Defendants' arguments and authorize the disbursement of attorneys fees in the amount of $201,578.89 to the ACLU and ACLU-RI, as appropriate. Plaintiffs and their counsel further request a declaration of this Court that the ACLU and its affiliates are entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988, notwithstanding any contrary state law, rule or court decision.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION RHODE ISLAND

By their Attorneys,

Mark W. Freel (# 4003)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

PLAINTIFFS INMATES OF THE RHODE ISLAND TRAINING SCHOOL

By their Attorneys,

David C. Fathi*
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6609
*Practice limited to the federal courts.

John W. Dineen (# 2346)
Yesser, Glasson & Dineen
One Providence Washington Plaza, 5th Floor
Providence, RI 02903
(401) 331-3550 Ext. 2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April, 2006, a true and accurate copy of the within Memorandum was faxed and mailed, postage prepaid, to:

Rebecca Tedford-Partington
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Kevin J. Aucoin
Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903

Marlene Jull