UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529 L |
| PATRICIA MARTINEZ, et al., Defendants | : | |

**OBJECTION TO MOTION TO INTERVENE**

Now come the Defendants and hereby object to the Motion to Intervene filed by the ACLU. A Memorandum in support hereof is attached.

Respectfully submitted,

Patrick C. Lynch, Attorney General
David Curtin, Chief Disciplinary Counsel
By Their Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington
Rebecca Tedford Partington #3890
Deputy Chief--Civil Division
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 x 2303
Fax (401) 222-2995

Department of Children Youth And Families
By Their Counsel

Kevin J. Aucoin / by RP
Kevin J. Aucoin, Executive Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903
Tel: (401) 528-3570
Fax: (401) 528-3566

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was faxed and mailed, postage prepaid, on this 24th day of April, 2006 to the person or persons indicated below:

Melissa L. Difrenzo

Mark W. Freel, Esquire
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

David C. Fathi, Esquire
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, DC 20005

John W. Dineen, Esquire
Yesser, Glasson & Dineen
One Providence Washington Plaza
5th Floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529 L |
| PATRICIA MARTINEZ, et al., Defendants | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO INTERVENE**

The ACLU and the ACLU-RI have moved to intervene as parties in this long-running case. Although Defendants do not object to the ACLU's presentation of its position to the Court, it would be improper for them to be made parties to the case.

The instant action was initiated on behalf of the plaintiff class over 25 years ago. The complaint was initiated to remedy violations of Federal rights of the plaintiff class relating to the "...conditions of their confinement at the Training School.". (See Order entered on or about October 3, 2000 by United States District Court Judge Ronald Lagueux in the case of **Inmates of the Boys' Training School, et. al. v. Jay Lindgren, et. al** , C.A. No. 4529. (emphasis added)) The complaint focused on the building conditions, overcrowding and the availability of programming to the residents of the Training School. Subsequent to the filing of the law suit, the plaintiffs and the defendants, through their respective counsel, engaged in negotiations which have resulted in the submission and entry of a number of Consent Decrees throughout the years. The terms of the Consent Decrees provided for vast changes and improvements to the physical and programmatic conditions at the Training School.

The ACLU, as an organization, would not have been an appropriate party initially, and it is not a proper party with the requisite standing at this point. The law as regards the ability of organizations to become parties to lawsuits is well-settled. See, Sierra Club v. Morton, 405 U.S. 727 (1972); Project Basic Tenants Union v. Rhode Island Housing and Mortgage Finance Corp., 636 F.Supp. 1453 (D.R.I. 1986). The ACLU has not satisfied these requirements and should not be allowed to intervene as a party.

What the ACLU proposes is akin to an amendment adding a plaintiff. Under Rule 15, although amendment should be liberally granted, "this does not mean, however, that a trial court must mindlessly grant every request for leave to amend. When a proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it." Antonio Aponte-Torres v. University of Puerto Rico, No. 05-1534 (1st Cir. April 14, 2006)(citations omitted). Nor do the rules governing intervention mandate that the instant motion be granted. The outcome of the underlying case will not affect the ACLU one bit. Certainly the ACLU has no "right" to intervene, and the interest in obtaining attorneys' fees is not so strong as to allow them to become parties in this case. Again, the solution to the present dispute was clearly spelled out by the Rhode Island Supreme Court in 2002. That should be the course pursued by the ACLU, not intervention as a party plaintiff.

Respectfully submitted,

Patrick C. Lynch, Attorney General
David Curtin, Chief Disciplinary Counsel
By Their Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Rebecca Tedford Partington
Rebecca Tedford Partington #3890
Deputy Chief--Civil Division
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 x 2303
Fax (401) 222-2995

Department of Children Youth And Families
By Their Counsel

Kevin J. Aucoin by RP
Kevin J. Aucoin, Executive Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903
Tel: (401) 528-3570
Fax: (401) 528-3566

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was faxed and mailed, postage prepaid, on this 24th day of April, 2006 to the person or persons indicated below:

Melissa DiLonzo

Mark W. Freel, Esquire
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

David C. Fathi, Esquire
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, DC 20005

John W. Dineen, Esquire
Yesser, Glasson & Dineen
One Providence Washington Plaza
5th Floor
Providence, RI 02903