UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529-L |
| PATRICIA MARTINEZ, et al., Defendants | : | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Plaintiffs and their counsel from the ACLU hereby submit this motion for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. In support thereof, Plaintiffs submit the accompanying memorandum of law, with attachments.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION RHODE ISLAND

By their Attorneys,

/s/ Mark W. Freel
Mark W. Freel (# 4003)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

PLAINTIFFS INMATES OF THE RHODE ISLAND TRAINING SCHOOL

By their Attorneys,

/s/ David C. Fathi
David C. Fathi*
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6609
*Practice limited to the federal courts.

/s/ John W. Dineen
John W. Dineen (#2346)
305 South Main Street
Providence, RI 02903
(401) 331-3550 Ext. 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2007, a true and accurate copy of the within Memorandum was mailed, postage prepaid, to:

Rebecca Tedford-Partington
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Kevin J. Aucoin
Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903

/s/ Mark W. Freel



PRV_860662_1/MFREEL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. 71-4529-L |
| PATRICIA MARTINEZ, et al., | : | |
| Defendants | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Plaintiffs and their counsel from the American Civil Liberties Union and its Rhode Island affiliate (collectively, "ACLU") submit this memorandum in support of their petition for an award of attorneys' fees and costs associated with their successful Motion for Approval of the Payment and Disbursement of Attorneys' Fees and Costs. This Court granted that motion in a Decision dated December 5, 2006, and in an Order entered on January 10, 2007.

**Background**

Commenced in 1971, this litigation is a landmark civil rights action filed pursuant to 42 U.S.C. § 1983, which exposed the "cruel iron[ies]" of life inside the Rhode Island Boys' Training School and marked the beginning of a long legal battle over the conditions of confinement for juvenile offenders. See Inmates of the Boys' Training School v. Affleck, 346 F. Supp. 1354, 1369 (D.R.I. 1972). The Plaintiffs -- who were and are the prevailing parties -- are a class of juveniles residing at the facility. The members of this class are in

constant flux, as children enter and leave the facility. This case continues today through the advocacy work of the ACLU.

In a Decision dated December 5, 2006, this Court granted the motion of the ACLU to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure for the limited purpose of resolving the fee dispute, and further granted Plaintiffs' Motion for Approval and Disbursement of Attorneys' Fees and Costs. Inmates of the Rhode Island Training School v. Martinez, 2006 WL 3505847, at *10 (D.R.I. Dec. 5, 2006). This Court's Decision resolved the fee-sharing issue that had prevented the disbursement of fees and costs due to the ACLU since the Rhode Island Supreme Court's decision in In re Rule Amendments to Rules 5.4 and 7.2(c) of the Rules of Professional Conduct, 815 A.2d 47 (R.I. 2002). As this Court emphasized, Plaintiffs in this case have long been identified as the prevailing party, entitling them to attorneys' fees under § 1988. Thus, since 1973, "attorneys' fees have been paid by the state officials from the public fisc on an ongoing basis as continued advocacy has been necessary to ensure compliance with the original Consent Decree, and to update the Decree in order to address new and additional problems." Martinez, 2006 WL 3505847, at * 1.

This Court's ruling was embodied in an Order entered on January 10, 2007. Accordingly, this petition is timely filed pursuant to Local Rule 54.1 of the Federal Rules of Civil Procedure.

## Discussion

Section 1988 provides, in relevant part, as follows:

> In any action or proceeding to enforce provisions of sections . . . 1983 . . . the Court in its discretion, may

> allow the prevailing party . . . a reasonable attorney's fee as a part of the costs.

42 U.S.C. § 1988. In this case, Plaintiff should be awarded attorneys' fees and costs because it is the prevailing party in an action to enforce the provisions of section 1983.[1]

Plaintiff's Motion for Approval and Disbursement of Attorneys' Fees was filed to prevent the State from frustrating the articulated purposes of sections 1983 and 1988. Martinez, 2006 WL 3505847, at * 9. Furthermore, Plaintiffs' motion intended to prevent the continued deprivation of rights secured by the First Amendment to, and the Supremacy Clause of the United States Constitution.[2] The U. S. Supreme Court has held that where state defendants have acted in violation of a plaintiff's constitutional rights, an award of attorneys' fees is proper. Hutto v. Finney, 437 U.S. 678, 693 (1978); Maine v. Thiboutot, 448 U.S. 1 (1980); see also Luethje v. Peavine School Dist. of Adair County, 872 F.2d 352 (10th Cir. 1989) (applying 42 U.S.C. §1988 to award attorneys' fees in case challenging rule on First Amendment grounds).

Plaintiffs are the prevailing party in this case. A plaintiff has "prevailed" under §1988 when it has "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'" Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 789 (1989); Desiletes v. Wal-Mart Stores, Inc., 171 F.3d 711, 716-17 (1st Cir. 1999). In this case, this Court's Decision of December 5,

---

[1] This Court held that "allowing the State of Rhode Island, in reliance on R.I. Gen. Laws § 11-27-3, to withhold attorneys' fees due to the ACLU Plaintiffs would frustrate the articulated purposes of sections 1983 and 1988, which include, *inter alia*, attracting competent counsel to pursue civil rights litigation on behalf of indigent people." Martinez, 2006 WL 3505847, at *9.

[2] This Court, while acknowledging Plaintiffs' First Amendment argument, opted to resolve the case on other grounds. Id. at * 8.

2006, resolved the fee-sharing issue and determined that the State may no longer withhold payment of attorneys' fees to the ACLU. This Court determined that to do so would be "inconsistent with 42 U.S.C. § 1988." This Court's Decision was founded not only on the Supremacy Clause, finding that R.I. Gen. Laws §§ 11-27-3 and 11-27-6 are preempted "as a matter of federal law," but also on the determination that Rhode Island's disciplinary rules "do not impede" the payment of attorneys' fees to the ACLU for work on Plaintiffs' behalf.

Moreover, Plaintiffs have been prevailing parties entitled to payment of fees since they obtained the Consent Decree that currently is in force. See Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 559 (1986) ("post-judgment monitoring of a consent-decree is a compensable activity for which counsel is entitled to a reasonable fee"). Accordingly, Plaintiffs are entitled to attorneys' fees for enforcing any relief granted by the Consent Decree. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't. of Health and Human Resources, 532 U.S. 598, 604 (2001) (a consent decree is "a court-ordered change in the legal relationship between the plaintiff and the defendant," enforcement of which permits awarding of attorneys' fees).

As is the case here, "implementation of Congressional policy requires the awarding of attorney's fees for time spent pursuing attorney's fees." Weisenberger v. Huecker, 593 F.2d 49, 54 (6th Cir. 1979); Lamar Advertising Co. v. Charter Township of Van Buren, 178 Fed.Appx. 498, 502 (6th Cir. 2006) ("fees for fees" are recoverable under 42 U.S.C. § 1988"); Stratos v. Dep't. of Public Welfare, 439 N.E.2d 778, 787 (Mass. 1982) (exclusion of "fees for fees" would "dilute the value of the award, and so frustrate the purpose of the act authorizing fees"). As such, Plaintiffs are entitled to fees incurred in the pursuit of the

underlying motion, which was necessary to secure attorneys' fees for the monitoring of the Consent Decree.

The attorneys' fees claimed by Plaintiffs are reasonable and proper. In civil rights litigation, the reasonableness of the rates requested is determined by the prevailing market rate. Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987) (citing Blum v. Stenson, 465 U.S. 886, 892-896 (1984)). In this case, Plaintiff requests attorneys' fees totaling $40,769.00 for services rendered over the two-year life of this matter, to be paid at rates ranging from $300 per hour for the most senior partner to $175 per hour for the most junior associate. (See Affidavit of Mark W. Freel, Esq. ("Freel Aff."), with attached invoice, attached hereto as Exhibit A.) These are reasonable rates prevailing in the community and in this Court for similar litigation during the relevant time period. (See Affidavit of Matthew T. Oliverio, Esq., attached hereto as Exhibit B; see also Freel Aff.) Counsel has eliminated from its request certain unnecessary or duplicative time spent by junior associates, in an effort to reduce any inefficient time. Furthermore, the requested $40,769.00 does not include time spent and fees generated by attorneys from the ACLU National Prison Project in their efforts to secure this Court's Decision and Order.

Over the nearly two years Plaintiffs and the ACLU pursued the resolution of this issue, the parties researched and briefed several complex legal issues, filed and responded to multiple motions, and engaged in all other activities necessary to litigate a hotly contested case involving the constitutionality of state statutes and disciplinary rules. Considered in that context, and particularly in light of the successful result ultimately achieved, Plaintiffs submit that this fee request, and the amount of fees, is eminently

reasonable. (See Freel Aff. at 6; see also Oliverio Affidavit.) Plaintiff therefore requests that this Court grant the instant motion.

**Conclusion**

For reasons set forth herein, Plaintiff respectfully requests an Order of this Court granting its motion for an award of attorneys' fees pursuant to 42 U.S.C. §1988.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION RHODE ISLAND

By their Attorneys,

/s/ Mark W. Freel
Mark W. Freel (# 4003)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

PLAINTIFFS INMATES OF THE RHODE ISLAND TRAINING SCHOOL

By their Attorneys,

/s/ David C. Fathi
David C. Fathi*
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6609
*Practice limited to the federal courts.

/s/ John W. Dineen
John W. Dineen (#2346)
305 South Main Street
Providence, RI 02903
(401) 331-3550 Ext. 2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2007, a true and accurate copy of the within Memorandum was mailed, postage prepaid, to:

Rebecca Tedford-Partington
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Kevin J. Aucoin
Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903

/s/ Mark W. Freel