UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529 L |
| PATRICIA MARTINEZ, et al., Defendants | : | |

**OBJECTION TO MOTION FOR ATTORNEYS' FEES**

Now come the Defendants and hereby object to the Motion for Attorney's Fees filed by Plaintiffs. A Memorandum in support hereof is attached.

Respectfully submitted,

DEFENDANTS
By Their Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*

Rebecca Tedford Partington #3890
Deputy Chief--Civil Division
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 x 2303
Fax (401) 222-2995

Department of Children Youth And Families
By Their Counsel

*/s/ Kevin J. Aucoin*

Kevin J. Aucoin, Executive Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903
Tel: (401) 528-3570
Fax: (401) 528-3566

## CERTIFICATION

I hereby certify that a true copy of the foregoing was served on the 2nd day of March, 2007 by electronic mail via the United States District Court ECF system.

*/s/ Rebecca Tedford Partington*

_______________________________

*/s/ Mark W. Freel*
Mark W. Freel, Esquire

*/s/ David C. Fathi*
David C. Fathi, Esquire

*/s/ John W. Dineen*
John W. Dineen, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529 L |
| PATRICIA MARTINEZ, et al., Defendants | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR ATTORNEYS' FEES**

Plaintiffs seek attorneys' fees in the amount of $40,769.00 in conjunction with a decision and order of this Court allowing the ACLU to be paid attorneys' fees. While the State has never contested that the fees should be paid[1], it has been hamstrung in determining to whom the payments should be made. This objection is based on the legal determination that "special circumstances exist" that would make an award of fees unjust, and because (amount) of fees were generated in conjunction with another action, which was dismissed because of procedural infirmities.

Applicability of 42 U.S.C. 1988

Initially, this Court should make a careful inquiry into whether 42 U.S.C. 1988 even applies to the instant issue. This Motion was to clarify to whom payment of attorneys' fees should be made, and has no independent basis in the Constitution or in 42 U.S.C. 1983. In other words, the instant motion did not seek to advance enforcement of a constitutional right, as entitlement to fees is not such a right.[2] The ACLU's intervention into this case came about as a

---

[1] Each quarter, the State's Department of Children, Youth and Families verified and approved the amount due, in conversation with the ACLU.

[2] In fact, the Court declined to decide the issue on constitutional grounds, opting instead to resolve the case via utilization of the Supremacy Clause.

result of the ***dismissal*** of a section 1983 Complaint before Judge Lisi. That tenuous connection should not automatically support application of section 1988 to the present motion.

“Special Circumstances” Exist to Deny the Fee Application

This Court has the discretion to deny a fee application in its entirety if the Court finds that “special circumstances exist”. This case presents just such circumstances. At the time that this issue came before the court, the State was faced with the decision of the Rhode Island Supreme Court in In Re: Rule Amendments to Rule 5.4(a) and 7.2(c) of the Rules of Professional Conduct, 815 A.2d 47 (R.I. 2002) and an Opinion of the Ethics Advisory Panel issued June 14, 2000, the decision of this Court in Rhode Island Medical Society v. Whitehouse, as well as R.I. Gen. Laws §11-27-6[3] and the applicable Rules of Professional Conduct, which all indicated that payment of attorneys’ fees to anyone other than a non-lawyer, including the ACLU, was prohibited, unless they altered their form of incorporation. Faced with civil and criminal sanctions, the State instead approved the fees, but engaged in a continuous dialogue about how to disburse the funds. These “special circumstances” would allow this Court to deny the instant motion in its entirety.

The Motion Seeks Fees Generated in Another Case

Further, as in all fee motions, the Court should examine the request carefully. Much of the instant request concerns work performed in another case that was voluntarily dismissed

[3] “No person, who is not a member of the bar under §11-27-5, shall receive any pay or compensation, directly or indirectly, except any forwarding fee of an attorney at law of another state, for any services of any legal nature that are usually done by attorneys at law pertaining to any action or proceeding in any court or before any referee, master, auditor, commission, division, department, board, or other judicial person or body, or for the preparation any legal instrument, and no court or other judicial person or body shall allow any pay or fee for that service to any person not a member of the bar under §11-27-5, nor shall any executor, administrator, guardian, trustee, fiduciary, or another person employ or pay for the services any person not a member of the bar under §11-27-5.”

because of the lack of "case or controversy." *See,* ACLU Foundation, et al. v. Lynch, et al., No. 1:05-cv-00060-ML. The Complaint in that case was filed on February 15, 2005, and was voluntarily dismissed on March 15, 2006, after chambers conferences illuminated the fact that there was no "case or controversy", and that a motion in the instant case was the proper vehicle to determine the sticky issue of fee payment to a non-lawyer. All entries for work done prior to March 15, 2006 should therefore not be compensated, as it was performed by attorneys not entered in this case, and in a case that was ultimately dismissed because it was improperly brought before the Court.[4] In short, that time was not reasonable, nor was it necessary for this case.

Complaint in the Lisi Case

Specifically, in addition to the above general objection, any time spent preparing the Complaint in the Lisi case should not be reimbursed. (See entries for 1/3/05; 1/4/05; 1/5/05; 1/7/05; 1/10/05; 1/21/05; 1/24/05; 1/26/05; 2/15/05)[5]

Motion to Dismiss in the Lisi Case

Further, any time spent reviewing or reacting to the State's Motion to Dismiss (based on ripeness and lack of case or controversy) should not be compensated, since that motion was not made in this case, and since the ACLU was not a "prevailing party" on that motion. (See entries for 3/8/05; 3/10/05; 3/15/05; 3/16/05; 3/17/05; 3/18/05; 3/21/05; 3/22/05; 3/23/05; 3/25/05)[6]

---

[4] By the State's calculation, the reduction amounts to $28,731.00. This is using the $175.00 hourly rate for both associates Jackson and Turcotte as contained in the Affidavit, and not the $195.00 for Turcotte on the invoice.
[5] The amount directly attributable to the Complaint filed in the Lisi case is $3,841.00.
[6] The amount directly attributable to the Motion to Dismiss filed in the Lisi case is $6,461.75.

The Search Regarding the Rooker-Feldman Doctrine

Significant time was expended researching the Rooker-Feldman doctrine, never an issue in either case. Research on this issue was not necessary, nor was it reasonable. Time spent on this research is therefore not compensable. The State is unable to determine from the invoices how much time was spent researching this non-issue, but directs the Court's attention to entries dated 3/15/05; 3/23/05 and 3/30/05.

Conclusion

"Special Circumstances" exist in this case to deny the fee motion in its entirety. No constitutional violation was found. Instead, the State acted with reason when faced with possible civil and criminal sanctions. Further, work done on the Lisi case is simply not compensable. It wasn't compensable in that case, and certainly isn't in this case. The State suggests, therefore, that a reasonable fee in this matter is $12,038.00.

Respectfully submitted,

DEFENDANTS
By Their Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Rebecca Tedford Partington*

Rebecca Tedford Partington #3890
Deputy Chief--Civil Division
150 South Main Street
Providence, RI 02903
Tel. (401) 274-4400 x 2303
Fax (401) 222-2995

Department of Children Youth And Families
By Their Counsel

*/s/ Kevin J. Aucoin*

Kevin J. Aucoin, Executive Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903
Tel: (401) 528-3570
Fax: (401) 528-3566

**CERTIFICATION**

I hereby certify that a true copy of the foregoing was served on the 2nd day of March, 2007 by electronic mail via the United States District Court ECF system.

*/s/ Rebecca Tedford Partington*

*/s/ Mark W. Freel*
Mark W. Freel, Esquire

*/s/ David C. Fathi*
David C. Fathi, Esquire

*/s/ John W. Dineen*
John W. Dineen, Esquire