UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, Plaintiffs | : | |
| v. | : | C.A. No. 71-4529-L |
| PATRICIA MARTINEZ, *et al.*, Defendants | : | |

**REPLY MEMORANDUM TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

Plaintiffs and their counsel from the American Civil Liberties Union and its Rhode Island affiliate (collectively "ACLU") submit this reply memorandum in further support of their motion for attorneys' fees. The purpose of this reply memorandum is to respond to certain arguments and assertions made by the Defendants in their memorandum in opposition to the instant motion. Each of Defendants' four specific objections are addressed below, and, in response, the ACLU requests that this Court grant its motion in the amount of $41,790.75, as set forth in the original motion and accompanying affidavits.

**I. Applicability of Supremacy Clause and 42 U.S.C. § 1988**

In their Objection, Defendants argue that the underlying motion for disbursement of attorneys' fees "has no independent basis in the Constitution or in 42 U.S.C. 1983," and that "the instant motion did not seek to advance enforcement of a constitutional right." Defendants' assertion is misguided, since it is irrelevant whether the motion for attorneys' fees itself is founded on Constitutional principles. What is relevant is that the underlying lawsuit unquestionably has an independent basis in the Constitution and in Section 1983. See Inmates

of the Rhode Island Training School v. Martinez, 465 F. Supp. 2d 131, 133 (D.R.I. 2006) (noting that Plaintiffs have been identified as prevailing parties under Section 1983, and that as a result, "attorneys' fees have been paid by the state officials from the public fisc on an ongoing basis as continued advocacy has been necessary to ensure compliance with the original Consent Decree, and to update the Decree in order to address new and additional problems"). Thus, while it is well established that attorneys' fees incurred in enforcing the Consent Decree are deserved, it is likewise true that "implementation of Congressional policy requires the awarding of attorney's fees for time spent pursuing attorney's fees." Weisenberger v. Huecker, 593 F.2d 49, 54 (6th Cir. 1979); Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978) ("It would be inconsistent with the purpose of the Fees Act to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee"); Stratos v. Dep't. of Public Welfare, 439 N.E.2d 778, 787 (Mass. 1982) (exclusion of "fees for fees" "would dilute the value of the award, and so frustrate the purpose of the act authorizing fees"). As such, the ACLU is entitled to attorneys' fees incurred in this disbursement action.[1]

## II. "Special Circumstances"

Defendants also assert that "special circumstances" exist to deny the ACLU's motion for attorneys' fees. Without citing any law in support of their assertion, Defendants contend that fees are not warranted in this case because the Rhode Island Supreme Court's decision, the opinion of the Ethics Advisory Panel, and other statutory and professional rules forbade the disbursement of attorneys' fees to the ACLU. Defendants' argument defies logic, as it would prevent the award of attorneys fees in any civil rights action in which plaintiffs sought

[1] In addition, the ACLU respectfully points to this Court's decision in Inmates of the Rhode Island Training School v. Martinez, 465 F. Supp. 2d 131, 140 (D.R.I. 2006), which is based on the Supremacy Clause of the Constitution, and holds that "allowing the State of Rhode Island . . . to withhold attorneys' fees due the ACLU Plaintiffs would frustrate the articulated purposes of sections 1983 and 1988." Accordingly, Defendants' assertions are plainly wrong.

vindication from an unjust or unconstitutional law or action that infringed upon their civil liberties. Indeed, defendants' argument has been rejected by the United States Supreme Court: "Fee awards against enforcement officials are run-of-the-mill occurrences, even though, on occasion, had a state legislature acted or reacted in a different or more timely manner, there would have been no need for a lawsuit or for an injunction." Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 739 (1980). Many civil rights cases, including NAACP v. Button, 371 U.S. 415 (1963) and In re Primus, 436 U.S. 412 (1978), both cited by this Court, involved challenges to unconstitutional statutes and rules. As such, Defendants in this case cannot shield themselves from Section 1988 by contending that they were doing nothing but acting under the auspices of the law or their interpretation of it.

### III. Fees Generated in the Original Filing

Defendants argue that a significant portion of the attorneys' fees sought by the ACLU should be excluded because they were generated while this issue was pending in another case originally filed in this Court before Judge Lisi. The fact that the ACLU initially pursued its entitlement to fees in a separate declaratory judgment action should not preclude the awarding of fees for work undertaken in that case.[2] It is well established that attorneys' fees should cover "every item of service which, at the time rendered, would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest." Armstrong v. Davis, 318 F.3d 965, 971 (9th Cir. 2003) (upholding fee award for the filing of an amicus brief in case involving entirely different parties but that "involved an issue central to the litigation"). The ACLU's ultimate purpose in this and the prior litigation was to secure authorization of the disbursement of attorneys' fees withheld by the State. That issue was raised in the first lawsuit, but was

[2] There has been no duplicate billing between the two cases. All fees have been incurred in pursuit of the underlying fee-sharing and disbursement order.



PRV_869302_1/CFTURCOTTE

ultimately decided in this case by order of the Court, not by the ACLU's choice. Because compensable attorneys' fees include those incurred where an attorney undertakes work on a case in which the central issues are likely to have an important effect on another case, see Armstrong, 318 F.3d at 971-72, the compensable efforts of the ACLU in this case include any and all work performed in ACLU Foundation v. Lynch, No. 1:05-cv-00060-ML.

## IV. Rooker-Feldman Doctrine

Defendants assert that research on the Rooker-Feldman doctrine was not necessary, and thus not compensable. Defendant's argument is flawed in several ways. First, Defendants themselves raised the Rooker-Feldman issue in ACLU Foundation v. Lynch, thus requiring the ACLU to research and brief the issue. The ACLU could not logically foresee the fact that the Defendants would not maintain their assertion that the Rooker-Feldman doctrine barred Federal court jurisdiction over the fee-sharing issue in this case. Thus, the ACLU was obligated to pursue this avenue of research to the fullest extent. See Jacobs v. Mancuso, 825 F.2d 559, 562 (1st Cir. 1987) ("to the extent that defendants raised unpersuasive arguments in opposing fees, which they clearly did, they have only themselves to blame for prompting a response from plaintiffs").

Second, as established above, compensable work includes anything "useful and of a type ordinarily necessary to advance the litigation." Armstrong, 318 F.3d at 971. The State has no authority to decide what arguments the Plaintiff may make on its own behalf, or to assess the validity of those arguments for purposes of attorneys' fees. Instead, the ACLU was obligated to explore every avenue of research that it determined germane to the matters at stake in the litigation, including the Rooker-Feldman doctrine, which was originally raised by the State. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the



PRV_869302_1/CFTURCOTTE

court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

**V. Conclusion**

For the reasons set forth above, the ACLU respectfully requests that this Court grant its motion for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 in the amount set forth in its original motion and Memorandum, with attached affidavits.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION RHODE ISLAND

By their Attorneys,

/s/ Mark W. Freel

Mark W. Freel (# 4003)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

PLAINTIFFS INMATES OF THE RHODE ISLAND TRAINING SCHOOL

By their Attorneys,

/s/ David C. Fathi

David C. Fathi*
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6609
*Not admitted in DC; Practice limited to the federal courts.

/s/ John W. Dineen

John W. Dineen (#2346)
305 South Main Street
Providence, RI 02903
(401) 223-2397
(401) 223-2399 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2007, a true and accurate copy of the within *Reply Memorandum* was mailed, postage prepaid, to:

Rebecca Tedford-Partington
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Kevin J. Aucoin
Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903

/s/ Mark W. Freel__________________