UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INMATES OF THE RHODE ISLAND TRAINING SCHOOL, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. 71-4529-L |
| PATRICIA MARTINEZ, et al., | : | |
| Defendants | : | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Plaintiffs and their counsel from the American Civil Liberties Union and its Rhode Island affiliate (collectively, "ACLU") submit this supplemental memorandum in support of their petition for an award of attorneys' fees associated with their successful prior motion for the disbursement of fees pursuant to 42 U.S.C. § 1988. This Court granted that motion in a Decision dated December 5, 2006, and in an Order entered on January 10, 2007. At a hearing on April 19, 2007, this Court requested that the ACLU submit a supplemental memorandum to address certain questions about the ACLU's fee application, particularly with regard to work performed in connection with a predecessor case in this Court.[1]

**Discussion**

**A. The Original Fee Request**

In its initial request for attorneys' fees, the ACLU submitted an invoice documenting time spent starting on January 3, 2005. The total amount of attorneys' fees sought, stemming

[1] The ACLU initially raised the attorneys' fee issue in ACLU Foundation v. Lynch, No. 1:05-cv-00060-ML. At the suggestion of the Court, that matter was ultimately dismissed without prejudice in favor of proceeding in this civil action, once this Court agreed to consider the issue in this context.

from work done in both the original case before Judge Lisi and in this case, equaled $40,769.00.[2] As previously asserted by the ACLU, attorneys' fees should cover "every item of service which, at the time rendered, would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest." Armstrong v. Davis, 318 F.3d 965, 971 (9th Cir. 2003) (upholding fee award for amicus brief in case involving different parties). Accordingly, the compensable efforts of the ACLU in this case should include any and all work performed in ACLU Foundation v. Lynch, No. 1:05-cv-00060-ML. See id. at 971-72; see also Langton v. Johnston, 928 F.2d 1206, 1224 (1st Cir. 1991) (attorneys' fees awarded where, despite no final judgment on the merits, the suit "had a catalytic effect in bringing about a desired result"); Exeter-Greenwich Regional School District v. Pontarelli, 788 F.2d 47, 52-3 (1st Cir. 1986) (awarding fees for work in declaratory judgment action, separate from § 1983 suit, where such work was "a necessary and important factor in achieving an end result favorable to them"); Stathos v. Bowden,728 F.2d 15, 22 (1st Cir. 1984) (awarding fees where defense of separate state court action "was a necessary part of plaintiffs' efforts to achieve their § 1983 goal").

## B. Reductions Associated with Drafting and Non-Research Time in First Case

The ACLU understands, however, that this Court has concerns about certain time spent in the original lawsuit. Accordingly, at the request of the Court, the ACLU has calculated the amount of time spent in the original lawsuit on drafting and other similar tasks unique to that case. Attached hereto as Exhibit A is a revised invoice reflecting the elimination of all such time, resulting in a reduced total of $34,582,50. However, the research conducted and memoranda written on legal issues in that case were ultimately instrumental in the preparation of

[2] Counsel had already eliminated certain unnecessary or duplicative time spent by junior associates, in an effort to reduce any inefficient time. Furthermore, the requested $40,769.00 did not include time spent by attorneys from the ACLU National Prison Project.

the underlying motion in this case. But for those original efforts, the hours spent and time billed in this case would have been substantially greater. Accordingly, if the Court eliminates certain time charges unique to the first lawsuit, the ACLU respectfully requests payment of an amount not less than $34,582.50, to include research time that had ultimate value in this case. In this regard, the ACLU otherwise relies on the arguments made in its original motion.

**C. Rooker-Feldman Research**

This Court also has expressed concerns about time billed for research on the Rooker-Feldman doctrine. The State raised the Rooker-Feldman issue in ACLU Foundation v. Lynch, thus requiring the ACLU to research and brief that issue, before both Judge Lisi and this Court. The ACLU could not logically foresee the fact that the Defendants would not maintain their assertion that the Rooker-Feldman doctrine barred Federal court jurisdiction over the fee-sharing issue. Thus, the ACLU was obligated to pursue this avenue of research to the fullest extent. See Jacobs v. Mancuso, 825 F.2d 559, 562 (1st Cir. 1987) ("to the extent that defendants raised unpersuasive arguments in opposing fees, which they clearly did, they have only themselves to blame for prompting a response from plaintiffs").

The invoice previously submitted to this Court included approximately 11.06 hours billed for work conducted solely on Rooker-Feldman issue. Of these eleven hours, only two were billed after this Court became involved, for research conducted on the issue of whether and how Rooker-Feldman would apply to the Training School case. Therefore, in the event that this Court decides to eliminate any time associated with the Rooker-Feldman doctrine (which the ACLU respectfully submits it should not) this would result in another reduction of $2,054.25. Attached hereto as Exhibit B is a second revised invoice, eliminating Rooker-Feldman time in

the aforementioned amount, but leaving in other research time critical to the ACLU's successful efforts in this case. The resulting total would be $33,277.00.

**D. Work Associated Only with this Civil Action Number**

Finally, the State may argue that the ACLU is only entitled to reimbursement of fees generated in this civil action, once this Court agreed to entertain the ACLU's motion in this case. Attached hereto as Exhibit C is a third revised invoice reflecting only that time, commencing on September 12, 2005, resulting in a total of $26,260.50. However, the ACLU respectfully objects to any award limited to that amount, because that would not accurately reflect the time that was spent advocating these issues successfully, and opposing the State's consistent and aggressive opposition. Much of the research and preparation that was ultimately essential to the ACLU's successful outcome in this case was originally undertaken in the first filing before Judge Lisi. Those efforts ultimately contributed directly to the outcome in this case, as embodied in this Court's Decision and Order. The value of that time cannot fairly be disregarded.

Moreover, the difference between the revised invoice attached hereto as Exhibit B (excluding drafting and other similar work in the first lawsuit, and excluding Rooker-Feldman, but not excluding other general research), and the invoice attached hereto as Exhibit C, is no more than $7,016.50. The ACLU respectfully submits that this is not an unfair or exorbitant amount, but is an amount that accurately reflects necessary work performed in connection with the ultimately successful pursuit of the underlying outcome. Accordingly, without waiving any other arguments made herein, the ACLU respectfully submits that the amount of fees to be awarded in this action should not, under any circumstances, be less than $33,277.00.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION RHODE ISLAND

By their Attorneys,

/s/ Mark W. Freel
Mark W. Freel (# 4003)
Caroline F. Turcotte (#7165)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

David C. Fathi*
Senior Staff Counsel
ACLU Foundation, Inc.
915 15th St. N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6609
*Practice limited to the federal courts.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2007, a true and accurate copy of the within Supplemental Memorandum was mailed, postage prepaid, to:

Rebecca Tedford-Partington
Office of the Attorney General
150 South Main Street
Providence, RI 02903

Kevin J. Aucoin
Chief Legal Counsel
Department of Children, Youth and Families
101 Friendship Street
Providence, RI 02903

/s/ Mark W. Freel