UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INMATES OF THE RHODE ISLAND
TRAINING SCHOOL,

Plaintiffs,

v. C.A. No. 71-4529-L

PATRICIA MARTINEZ, in her capacity
as DIRECTOR OF THE DEPARTMENT FOR
CHILDREN, YOUTH AND FAMILIES;
PATRICK C. LYNCH, in his capacity
as ATTORNEY GENERAL FOR THE STATE
OF RHODE ISLAND; DAVID CURTIN, in
his capacity as CHIEF DISCIPLINARY
COUNSEL FOR THE STATE OF RHODE
ISLAND,

Defendants.

MEMORANDUM AND ORDER

Ronald R. Lagueux, Senior United States District Judge.

This matter is before the Court on a Motion for Attorneys' Fees brought by Plaintiffs and their counsel from the American Civil Liberties Union Foundation and American Civil Liberties Union Foundation Rhode Island ("ACLU"). This matters follows this writer's recent decision under the same caption at 465 F. Supp. 2d 131 (D.R.I. 2006), as well as an older decision from this Court, under the caption Inmates of Boys' Training School v. Affleck, 346 F. Supp. 1354 (D.R.I. 1972). In the earlier decision, Judge Raymond Pettine found that conditions at the state's juvenile correctional facilities violated the inmates' due process rights. A Consent Decree was crafted by the parties, with ongoing compliance monitored by a Court-appointed Special

Master. As the prevailing party, the Plaintiff class was awarded attorneys' fees pursuant to 42 U.S.C. § 1988. These fees were paid by the State to counsel for the Plaintiff class over several decades, as continued legal activity was necessary to address problems at the facility.

In 2000, the ACLU entered the case on behalf of Plaintiffs, triggering a dispute with the State over the payment of legal fees to an entity that includes non-lawyers. Because of concerns that payments made directly to the ACLU might violate Rhode Island Gen. Laws § 11-27-3 which prohibits fee-sharing with non-lawyers, the State, on the advice of the Attorney General, has paid the legal fees incurred in connection with the Training School litigation into an escrow account.

In an attempt to resolve this dispute, which the ACLU feared would affect its ability to pursue other civil rights activities in Rhode Island, the ACLU filed a declaratory judgment action against the State on February 15, 2005,[1] and it was assigned to Judge Mary Lisi. At a subsequent chambers conference, Judge Lisi indicated that the declaratory judgment action did not constitute a 'case or controversy,' and she encouraged the parties to

---

[1] The matter before Judge Lisi was identified as C.A. No. 05-060-ML.

It is also significant to note that the legal fees issue had previously been raised by the ACLU before this writer in connection with <u>Rhode Island Medical Society v. Whitehouse</u>, 323 F. Supp. 2d 283 (D.R.I. 2004), but was not resolved at that time.

resolve the fee dispute within the framework of existing litigation. The parties then voluntarily dismissed the declaratory judgment action, and the ACLU filed a Motion to Intervene in the Training School case, along with a Motion for Approval of the Payment and Disbursement of Attorneys' Fees and Costs on March 15, 2006.

This Court heard arguments on those motions and rendered a decision in December 2006, permitting the ACLU to intervene and holding that the attorneys' fees provisions of 42 U.S.C. § 1988 preempt Rhode Island Gen. Laws § 11-27-3 and the pertinent state rules of professional conduct concerning fee-sharing.[2] 465 F. Supp. 2d 131, 141. The ACLU promptly followed up with the present Motion for Attorneys' Fees, which seeks approval of the disbursement of $40,769.00 for legal work performed between January 3, 2005, and December 21, 2006. The parties agree that the legal work in question was performed in connection with the securing of the ACLU's legal fees, rather than advocacy on behalf of the Plaintiff class.

**Discussion**

Defendants object to the ACLU's motion on several grounds. First, they argue that the ACLU seeks legal fees for work undertaken to secure legal fees and not as part of an effort to

---

[2] Rhode Island Rules of Professional Conduct 5.4(a) and 7.2(c).

enforce a constitutional right, as would be proper under 42 U.S.C. § 1988. Accordingly, Defendants argue, the Court should deny the request for fees in its entirety. However, it is well established that an attorney's efforts reasonably spent negotiating or otherwise obtaining fees are compensable under § 1988. Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978).

Next, and more effectively, Defendants argue that the ACLU should not be compensated for legal work performed prior to March 15, 2006, because that work was undertaken in connection with the declaratory judgment action before Judge Lisi, which was dismissed voluntarily by the parties. Moreover, the Dismissal Stipulation signed by the parties states that the action "shall be dismissed, without prejudice, all parties to bear their own costs and fees." The ACLU responds that the legal research and other work done in preparation for the declaratory judgment action concerned the very legal issues presented in this case and, therefore, should be compensable.

It is correct that a voluntary dismissal, under Federal Rules of Civil Procedure 41(a), "wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action." Sandstrom v. Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990). Nonetheless, this Court perceives a slight but significant distinction in the ACLU's request. The ACLU does not seek payment for the legal

work it performed in connection with the declaratory judgment action; instead, it seeks acknowledgment that some of the preparatory work necessary for the hearing before this writer had already been performed prior to the conference in Judge Lisi's chambers, and so did not have to be undertaken again in connection with this captioned matter.

This distinction has been recognized by the United States Supreme Court. In Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), the Court articulated the standard for compensable legal fees as "the number of hours reasonably expended on the litigation..." The Court elaborated a year later, when it wrote,

> Of course, some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed "on the litigation." Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case.

Webb v. County Bd. of Educ., 471 U.S. 234, 243 (1985). The question in that case was whether or not the work undertaken for a prior administrative proceeding was "work that was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement." Id. at 243. *See also* Armstrong v. Davis, 318 F.3d 965, 971 (9th Cir. 2003).

This Court concludes that much of the work the ACLU did for the declaratory judgment action was work that was necessary for

the hearing before this Court on the subsequent Motion for Approval of the Payment and Disbursement of Attorneys' Fees and Costs. To disallow payment for all that work by drawing a bright line across the itemized bill at March 15, 2006, would allow Defendants to get a 'free ride' for legal work that they would otherwise have been required to pay for.

However, this Court also recognizes that the ACLU's efforts to resolve the fee dispute with a declaratory judgment action, in which, as Judge Lisi aptly observed, there was no case or controversy properly brought before the Court, were misguided. Relying on the discretion accorded this Court by the Supreme Court in Hensley,[3] the Court will approve disbursements of legal fees as itemized in the ACLU's Exhibit A, attached to Plaintiffs' Supplemental Memorandum of Law in Support of Motion for Attorneys' Fees, filed May 3, 2007.

The recalculation, totaling $34,582.50, deducts from the total bill all time spent drafting documents for the declaratory judgment action, as well as time spent on other non-research activities unique to that case. The Court determines that this accounting represents "a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

---

[3] The Hensley Court wrote, "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." 461 U.S. at 436-37.

unnecessary..." Hensley, 461 U.S. at 434. That amount, therefore, constitutes the reasonable attorneys' fee incurred in this phase of the case.

## Conclusion

This Court grants the motion of Plaintiffs/Intervenors American Civil Liberties Union Foundation and American Civil Liberties Union Foundation Rhode Island and hereby orders Defendants to disburse legal fees to them in the total amount of $34,582.50. Counsel for Plaintiffs/Intervenors shall prepare a specific order for execution by the Court, providing for the disbursement of said funds.

It is so ordered.

Ronald R. Lagueux

Ronald R. Lagueux
Senior United States District Judge
July 11, 2007